come into the possession of defendant. It appears that Lynch, who had been called by plaintiff, and who was the only witness on the question of delivery, testified on cross-examination that he was not certain whether all these goods had been sold and delivered by him to defendant, or whether portions of them had been sold and delivered to other parties; although the witness had testified on his direct examination, and afterwards on his redirect examination, when confronted with an affidavit which he had signed some years ago, from which he refreshed his memory, that he delivered all the goods to defendant. That this witness was unreliable and discreditable has been sufficiently shown from his dishonest acts, but nevertheless it was for the jury, and not the court, to pass upon the credibility of his testimony, and determine just how much credence should be given to it. This is peculiarly a case in which the defendant was called upon to show the circumstances under which he purchased the goods from Lynch; and if there was evidence that defendant was a bona fide purchaser for value, who relied upon Lynch's agency and acts properly chargeable to plaintiff's conduct, which justified him in dealing with Lynch as one duly authorized to sell these goods, it was the duty of the court to submit the facts to the jury upon a careful charge, explaining the doctrine of agency by estoppel that would bind the principal. Such cases as Edwards v. Dooley, supra, People v. Bank of North America, 75 N. Y. 547, and Jacoby & Co. v. Payson, 91 Hun, 480, 36 N. Y. Supp. 240, would be reliable guides in declaring the law on this subject.

The judgment must be reversed, and a new trial ordered, with costs and disbursements to appellant to abide the event. All concur.

---

MAXSON v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. March 2, 1906.)

1. CARRIERS—CARRIAGE OF PASSENGERS—EJECTION—LIABILITY.

Where a ticket by its express terms expired on the midnight of the day before its attempted use, it did not entitle the holder to carriage on defendant's train, and he could not maintain an action for being ejected from the train on refusal to comply with a demand of the conductor for payment of the regular fare.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1425.]

2. SAME—TICKET—TIME OF EXPIRATION—CONSTRUCTION.

A ticket which is available for use on the day of its issue and for five consecutive days thereafter is practically a six-day ticket.

3. SAME—DUTY OF PASSENGER.

Though one is misled in purchasing a ticket for carriage on a train, believing it to expire a day subsequent to that named therein as the date of expiration, the conductor is justified in assuming the fact as it appeared from the face of the ticket, and it is the passenger's duty to yield compliance to the demand of the conductor for regular fare, or else get off the train.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1425, 1432.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Edward Maxson against the Pennsylvania Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Robinson, Biddle & Ward, for appellant.

Edward Maxson, for respondent.

GREENBAUM, J. On May 17, 1903, plaintiff purchased a round-trip ticket at defendant's ticket office from New York to Trenton, which contained the following provision:

"In consideration of the reduced rate at which this ticket is sold, the holder agrees to use the same to destination on or before midnight of the date canceled by punch on the margin of this ticket, for a continuous journey, and without stopping off at intermediate points; and, failing to comply with this agreement. the company may refuse to accept this ticket, or any part thereof, and demand the through regular fare, which the holder agrees to pay."

The date canceled in the margin of the ticket was May 22, 1903. The plaintiff used the ticket to Trenton, and on the morning of May 23d boarded a train of the defendant at Trenton to return to New York. The conductor refused to accept the remaining portion of the ticket, which plaintiff tendered him, on the ground that it had expired at midnight of the day previous, and demanded payment of the regular fare. Upon plaintiff's refusal to comply, the conductor compelled plaintiff to get off the train at Monmouth Junction. Plaintiff brought this action for damages for being forcibly ejected from the train.

The judgment finds no support in the facts. The ticket by its express terms expired on the midnight of the day before plaintiff attempted to use it, and therefore did not entitle plaintiff to carriage on defendant's train. Plaintiff's plea that when he purchased the ticket he asked for a six-day ticket, and that plaintiff was entitled to a ticket expiring on May 23d, under the rule of excluding the first day and including the last, has no merit. The ticket does not purport to be a ticket known as a "six-day ticket," but expressly declares the hour and day when it is to expire. Practically, it may be designated as a six-day ticket, because it was available for use on the day of its issue and for five consecutive days thereafter. But, even if it be assumed that plaintiff was misled when he purchased the ticket in believing that his ticket expired on May 23d, the conductor was justified in assuming the fact as it appeared from the face of the ticket, and it was the passenger's duty to yield compliance to the demand of the conductor, or else get off the train. Monnier v. N. Y. C. & H. R. R. Co., 175 N. Y. 281, 67 N. E. 569, 62 L. R. A. 357, 96 Am. St. Rep. 619.

Judgment reversed, with costs and disbursements to appellant, and complaint dismissed, with costs to defendant. All concur.